IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DEBORAH BOURGEIOS,** | ) |
| Plaintiff, | ) |
| v. | ) CV-05-PT-393-M |
| **MATRIXX INITIATIVES, INC.,** et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This cause comes on to be heard upon defendants Matrixx Initiatives, Inc., fka Gum Tech International, Inc. and Zicam, L.L.C., fka Gel Tech, L.L.C., Botanical Laboratories, Inc., and McKesson Corporation's Motion for Summary Judgment filed on February 16, 2006.

**FACTS[1] AND PROCEDURAL HISTORY**

The defendants Matrixx Initiatives, Inc., fka Gum Tech International, Inc. and Zicam, L.L.C., fka Gel Tech, L.L.C., Botanical Laboratories, Inc., and McKesson Corporation (hereinafter collectively know as "Matrixx" or "the defendants") were collectively responsible for the development and manufacture of Zicam Cold Remedy No Drip Liquid Nasal Gel. The plaintiff Deborah Bourgeios, a resident of Mississippi, alleges that on or after January 2004, she was injured while using Zicam. Specifically, she claims that the Zicam she applied caused her to

---

[1] The court notes where "facts" appear disputed.

1

lose her sense of smell and taste.[2] By her own admission, Bourgeios has never been diagnosed or treated by a physician for either anosmia or ageusia. According to Bourgeios, the Zicam gel was not reasonably safe when used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous. Bourgeios filed a complaint with this court on February 25, 2005. Bourgeios was initially represented by counsel, but is now *pro se*. Bourgeios never responded to Matrixx's Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted based upon facts developed through pleadings, discovery, and supplemental affidavits, etc., if together, they show that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of explaining the basis of his motion. *Celotex*, 477 U.S. at 323. "It is never enough [for the movant] simply to state that the non-moving party could not meet their burden at trial." *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000) (quotation omitted). The non-moving party then bears the burden of pointing to specific facts demonstrating that there is a genuine issue of fact for trial. *Celotex*, 477 U.S. at 324. The non-moving party "must either point to evidence in the record or present additional evidence 'sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.'" *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (quotation omitted).

---

[2]These conditions are known, respectively, as anosmia (loss of smell) and ageusia (loss of taste).

Summary judgment is required where the non-moving party merely repeats its conclusory allegations, unsupported by evidence showing an issue for trial. *Comer v. City of Palm Bay,* 265 F.3d 1186, 1192 (11th Cir. 2001) (citation omitted).

Summary judgment will not be granted until a reasonable time has been allowed for discovery. *Comer*, 265 F.3d at 1192. Moreover, "[w]hen deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Korman v. HBC Florida, Inc.*, 182 F.3d 1291, 1293 (11th Cir. 1999). Finally, the trial court must resolve all reasonable doubts in favor of the non-moving party, although it need not resolve all doubts in a similar fashion. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

## ARGUMENTS[3]

I.  **Defendant Matrixx's Motion for Summary Judgment.**

   A.  **Defendants are entitled to summary judgment because plaintiff has failed to provide any expert evidence of a defect in the product at issue or that the alleged defect proximately caused her alleged injuries.**[4]

According to Matrixx, Bourgeios is required to prove the existence of a product defect and proximate causation. *See* Miss. Code § 11-1-63; *Bennett v. Madakasira*, 821 So. 2d 794, 807 (Miss. 2002). Matrixx contends that Mississippi requires expert testimony in this type of case. *See Hammond v. Coleman Co.*, 61 F. Supp. 2d 533, 554 (S.D. Miss. 1999); *Childs v. General*

---

[3] This section summarizes the arguments made by the parties and does not necessarily reflect the conclusions reached by the court.

[4] Matrixx also argues that this court should apply Alabama choice of law rules and Mississippi substantive law, but it is not necessary for the court to determine this, so it does not reach that issue. All references to Mississippi law made by Matrixx are kept intact, and supplemented with Alabama law where possible.

*Motors Corp.*, 73 F. Supp. 2d 669, 671 (N.D. Miss. 1999). Matrixx also asserts that, even under Alabama law, it would be entitled to summary judgment because Bourgeios failed to provide any expert evidence to support her *prima facie* case. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233 (11th Cir. 2005); *Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976); *Tidwell v. Upjohn Co.*, 626 So. 2d 1297, 1299 (Ala. 1993); *Townsend v. General Motors Corp.*, 642 So. 2d 411 (Ala. 1994). It is undisputed that Bourgeios provided no expert testimony to support her claims against Matrixx. As a result, Bourgeios has failed to provide any evidence that Zicam is defective, or that her alleged injuries were proximately caused by its use. Matrixx concludes: "[b]ecause Plaintiff has offered no expert testimony to prove a product defect or that a defect proximately caused her alleged anosmia or ageusia, the Defendants are entitled to summary judgment as a matter of law," citing *Celotex*, 477 U.S. at 323.

**II.     Bourgeios' Response.**

Bourgeios did not respond to Matrixx's Motion for Summary Judgment.

### CONCLUSION OF THE COURT

For the reasons set out by Matrixx, as well as Bourgeios' subsequent failure to respond, this court has determined that its Motion for Summary Judgment is due to be Granted. This case is Dismissed, With Prejudice.

This 31st day of March, 2006.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**